Filed 12/17/24  P. v. Linn CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C099034 |
| Plaintiff and Respondent, | (Super. Ct. No. 62186726) |
| v. | |
| WILLIAM ROBERT LINN, JR., | |
| Defendant and Appellant. | |

Defendant William Robert Linn, Jr., pled no contest to numerous offenses in exchange for a stipulated prison term.  He appeals without a certificate of probable cause, arguing the trial court erred in denying both his motion for pretrial mental health diversion and his motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  Because the absence of a certificate of probable cause forecloses both claims, we dismiss the appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2023, the People filed an amended information charging defendant with stalking, three counts of criminal threats, vandalism, possession for sale of a controlled substance, unlawful driving or taking of a vehicle, receipt of a stolen vehicle, child endangerment, identity theft, eavesdropping, and invasion of privacy by concealed camera. The People also alleged numerous prior convictions, aggravating circumstances, and two prior strikes.

During the proceedings, defendant moved for pretrial mental health diversion and filed a *Romero* motion asking the trial court to dismiss his prior strikes. The court denied both motions.

Defendant ultimately pled no contest to child endangerment, unlawful driving or taking of a vehicle, stalking, two counts of criminal threats, eavesdropping, vandalism, and identity theft. Defendant also admitted certain prior convictions, several aggravating circumstances, and a prior strike. As part of the plea agreement, defendant stipulated to an aggregate sentence of 22 years imprisonment. The trial court sentenced defendant to that stipulated term.

Defendant timely appealed. He did not request a certificate of probable cause.

DISCUSSION

Defendant argues the trial court abused its discretion in denying his motion for mental health diversion and his *Romero* motion. The People respond that these claims are barred on appeal because defendant failed to obtain a certificate of probable cause. The People are correct.

In general, a defendant who has pled guilty or no contest may not appeal the judgment of conviction without first obtaining a certificate of probable cause. (Pen. Code, § 1237.5; see also Cal. Rules of Court, rule 8.304(b).) "Exempt from this certificate requirement are postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) In

2

determining whether a certificate of probable cause is required for a claim, "courts must look to the substance of the appeal: 'the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made.' [Citation.] Hence, the critical inquiry is whether a challenge . . . is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of [Penal Code] section 1237.5." (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

In *People v. Robinson* (2024) 100 Cal.App.5th 133, the defendant argued ineffective assistance of counsel because his attorney did not request mental health diversion in the trial court. (*Id*. at p. 135.) The appellate court rejected the claim, explaining that because a defendant is only eligible for pretrial mental health diversion before a plea hearing or trial, the "failure to request pretrial mental health diversion cannot, by definition, be a 'matter occurring after the plea.' " (*Id*. at pp. 135-136.) Accordingly, defendant needed a certificate of probable cause to raise his claim on appeal. (*Ibid*.) The appellate court further explained that the claim was arguably a challenge to the validity of the plea because, had a motion for mental health diversion been made and granted, the defendant never would have entered the plea. (*Id*. at p. 136, fn. 2.)

We agree with *Robinson*'s reasoning. In the present matter, defendant moved for diversion before he pled no contest and, had the trial court granted diversion, defendant would not have pled no contest when he did. Defendant thus appeals from a matter occurring before the plea that affects the validity of the plea, and a certificate of probable cause was required. (See *People v. Moore* (2024) 104 Cal.App.5th 90, 94.)

Defendant was also required to obtain a certificate of probable cause to challenge the denial of his *Romero* motion on appeal. "Even when a defendant purports to challenge only the sentence imposed, a certificate of probable cause is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678.) Here,

3

defendant's prior strike formed the basis of his stipulated sentence. As such, his claim that the trial court should have dismissed his prior strike seeks to undo an integral part of the plea agreement. A certificate of probable cause is necessary to raise this claim on appeal. (See *People v. Shelton* (2006) 37 Cal.4th 759, 766 [" '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause"].)

Since neither of defendant's claims is cognizable due to the failure to obtain a certificate of probable cause, we dismiss the appeal.

DISPOSITION

The appeal is dismissed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.